**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NIKO SHONTA SIMMONS,

        Petitioner,         Case Number: 2:11-11869
                                                    HONORABLE SEAN F. COX

v.

JEFFREY WOODS,

        Respondent.
                                       /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Niko Shonta Simmons has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Michigan Department of Corrections pursuant to convictions for armed robbery and felony firearm, second offense, for which he is serving sentences of 7 to 20 years' imprisonment and 5 years' imprisonment, respectively. He seeks habeas relief on fourteen separate grounds Respondent argues that the petition is untimely, and that the claims are procedurally defaulted and meritless. The Court finds that the petition is untimely.

**I. Background**

Petitioner was charged in Wayne County Circuit Court with armed robbery, assault with intent to rob, possession of a firearm by a felon (two counts), fleeing and eluding a police officer, resisting and obstructing (three counts), and carrying a concealed weapon. On June 8, 2007, he pleaded guilty to armed robbery and felony firearm, second offense,

in exchange for the dismissal of all other charges. On June 21, 2007, he was sentenced to 84 months to 20 years' imprisonment for the armed robbery conviction and five years' imprisonment for the felony-firearm conviction.

      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He raised these claims: (i) the statutory ban on appellate review of sentences within the sentencing guidelines violates the separation of powers; and (ii) the sentence violates due process because it is disproportionate. The Michigan Court of Appeals denied leave to appeal. *People v. Simmons*, No. 285409 (Mich. Ct. App. June 6, 2008).

      Petitioner filed an application for leave to appeal to the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals and the following additional claims: (i) Double Jeopardy Clause violation; (ii) ineffective assistance of trial counsel; (iii) State improperly proceeded with criminal charges against Petitioner after learning he is mentally ill and failed to request a competency evaluation; (iv) Michigan Court of Appeals improperly failed to consider supplemental and amended brief; (v) imposition of restitution payments violated constitutional rights. The Michigan Supreme Court denied leave to appeal, *People v. Simmons*, 757 N.W.2d 85 (Mich. Oct. 27, 2008), and denied Petitioner's motion for reconsideration. *People v. Simmons*, 483 Mich. 884 (Mich. Jan. 27, 2009).

      In November 2007, while his direct appeal was pending, Petitioner filed a motion to withdraw his guilty plea and a motion for relief from judgment. In his motion for relief from judgment, Petitioner raised these claims: (i) ineffective assistance of counsel

(several claims); (ii) denied right of self-representation; (iii) the trial court failed to honor a *Cobbs* agreement; (iv) the surety was not notified that the bond money would be forfeited to the county; (v) the court assessed costs without determining Petitioner's ability to pay; (vi) the trial judge was biased; (vii) the photo lineup was improper, and (viii) prosecutorial misconduct. The trial court denied the motion. *People v. Simmons*, No. 07-8248 (Wayne County Cir. Ct. Jan. 6, 2009). Petitioner did not seek leave to appeal the denial of his motion for relief from judgment.

On January 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. The matter was dismissed without prejudice for failure to exhaust state remedies. *See* Order dated 2/24/10, Case No. 10-10353. Petitioner filed a second habeas petition while the first petition was still pending. That petition was also dismissed without prejudice for failure to exhaust state court remedies. *See*, Order dated 1/20/11, Case No. 10-10435.

On January 31, 2011, Petitioner filed a motion to withdraw his guilty plea in the trial court. The motion was denied on February 10, 2011. *People v. Simmons*, No. 07-8248 (Wayne County Cir. Ct. Feb. 10, 2011). On February 7, 2011, Petitioner filed in the trial court a motion to amend/supplement his motion for relief from judgment. That motion was denied on February 28, 2011 because it was a prohibited successive motion for relief from judgment under Michigan Court Rule 6.502(G)(1) and (2). Petitioner did not seek leave to appeal the trial court's denial of these motions.

Petitioner filed the pending petition on April 22, 2011. He raises these claims:

3

I. Trial court abused its discretion by failure to rule upon first motion to withdraw guilty plea which was submitted in accordance with M.C.R. 6.310(C), on November 21, 2007.

II. Court of Appeals denied Petitioner full 84 days to file Standard 4 brief in accordance with Administrative Order 2004-06 when the panel sent (4) four copies of supplemental brief Petitioner had timely filed with their court on June 13, 2008, as his appellate attorney had filed his brief May 8, 2008.

III. Trial court had no jurisdiction to accept guilty plea for felony firearm 2nd offense M.C.L. 750.227bb which was not bound over by Magistrate Roberta C. Archer on 4/25/2007; an unconstitutional pleading process was the result of this sentence imposed upon the Petitioner.

IV. Double jeopardy clause of both constitutions was violated when Petitioner was sentenced consecutively for the crimes of a single transaction and PSI report preparer said that consecutive sentences were inapplicable but court used such anyway.

V. Trial court judges were partial and biased as they neither articulated any reasons for the sentences or the denials of various motions submitted by Petitioner as court costs $780 and forfeiture $3,000 from surety was silent and not part of any recorded plea agreement signed by Petitioner.

VI. Prior conviction of felony firearm was a null and void conviction and was a product of a case with subject matter jurisdiction in #2004-006196-01; as Petitioner was never examined in 36th district court on the date June 15, 2004 but somehow ended up in the Third Circuit Court Wayne County on June 15, 2004 without proper bind over conferring jurisdiction to the circuit court.

VII. Trial counsel Coral M. Watt was ineffective when she failed to object to the reneging of the plea agreed to.

VIII. Appellate counsel was ineffective when William Branch failed in the identification of errors that Petitioner had indeed communicated to his office by mail on several occasions and by visitation but appellate counsel neglected to file these same issues.

IX. Trial court failed to order competency examination even though . . . Petitioner had a past history of being mentally ill and this is mandatory

      pursuant to M.C.R. 6.125(c)(1); M.C.L. 330.3028.

X.   Appellate courts in Michigan fail to submit concise facts on every issue raised in their jurisdiction thus creating pro forma orders with no opinions to accompany such and violating Due Process Clause of both Constitutions, giving higher courts no basis to review cases such as this case.

XI.   Judge Leonard Townsend should have been subject to recusal after being a victim of several armed robberies in his past.

XII.   Trial court had no jurisdiction to sentence Niko Shonta Simmons in place of the straw man NIKO SHONTA SIMMONS who was named and spelled out in all capital letters indicating commercial ramifications under the UCC application.

XIII.   Trial court abused discretion by using incorrect sentencing guidelines.

XIV.   Wayne County Defendant's Office failed to operate according to the constitutional standards set by the national legal and defenders association in the years preceding this appeal.

## II. Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

    "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

5

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

6

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (*citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003) and *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Petitioner's Motion to Clarify

Petitioner has filed a Motion to Clarify Omission of Response to Attorney General Reply Brief. The motion appears to claim that Petitioner's reply to the Respondent's

answer to the petition was sent to the Court but never filed. Petitioner claims that his reply was sent on or about January 6, 2012, but never docketed. The Court has no record of Petitioner having filed a reply brief nor does Petitioner attach a copy of his reply brief to the motion. Moreover, the timely filing of a reply brief would not affect the timeliness of the habeas petition itself. Accordingly, Petitioner's motion will be denied.

## IV. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for

leave to appeal on October 27, 2008, and denied his motion for reconsideration on January 27, 2009. Petitioner had ninety days from January 27, 2009 to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on April 27, 2009, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on April 28, 2009.

On January 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. While that petition was pending, he filed a second habeas petition. Petitioner argues that the limitations period should be tolled while the habeas petitions were pending. The filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). Where appropriate, a district court may "deem[] the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J. concurring). If the limitations period is not equitably tolled while Petitioner's first two habeas petitions were pending, the limitations period expired on April 28, 2010.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

9

beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

     The record shows that Petitioner was not diligent in pursuing his rights. Petitioner's first habeas petition was dismissed without prejudice on February 24, 2010. At that point, Petitioner was on notice that he needed to exhaust his state court remedies before seeking federal habeas relief. Petitioner did not attempt to exhaust his state court remedies until January 31, 2011, when he filed a motion to withdraw his guilty plea in the trial court. Petitioner's second habeas petition was also dismissed without prejudice for failure to exhaust state court remedies. Because he took no action to exhaust his state court remedies while his second habeas petition remained pending, Petitioner had no reason to believe that his claims were properly before the Court. Moreover, even after dismissal of Petitioner's two habeas petitions and after the state trial court's denial of his

second motion for relief from judgment, Petitioner waited two months to return to federal court. All of these delays, considered together, evidence a lack of diligence.

In addition, Petitioner makes no showing that he was prevented by an "extraordinary circumstance" from timely filing a habeas petition in this Court. Accordingly, Petitioner is not entitled to equitable tolling of the limitations period and the petition is untimely.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## VI. Conclusion

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Clarify Omission of Response to Attorney General Reply Brief" [dkt. # 12] is **DENIED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 27, 2014

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NIKO SHONTA SIMMONS,

        Petitioner,               Case Number: 2:11-11869
                                                  HONORABLE SEAN F. COX

v.

JEFFREY WOODS,

        Respondent.

_____/

## PROOF OF SERVICE

     I hereby certify that on February 27, 2014, a copy of the foregoing document was served upon counsel of record by electronic means and upon Niko Shonta Simmons via First Class Mail at the address below:

Niko Simmons
197744
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

                                                      S/Jennifer McCoy
                                                      Case Manager